UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HIEN V. QUACH, ET AL. | CASE NO. 6:19-CV-01442 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ST. MARTIN, VI, LLC | MAGISTRATE JUDGE DAVID J. AYO |

### RULING

Before the Court is a "Rule 59 Motion for New Trial" filed by Defendant, St. Martin VI, LLC.[1] Pursuant to the motion, Defendant moves the Court to set aside the default judgment entered against it on February 25, 2025 and "provide relief afforded by Rule 59, more specifically the relief of a new trial."[2] Plaintiffs Hien V. Quach ("Quach"), Van Hot Nguyen, Van Bong Nguyen and Thy Du Nguyen (collectively referred to as "Nguyen") oppose the motion.[3] For the reasons that follow, the motion is denied.

### I.
### BACKGROUND

On September 10, 2019, Hein V. Quach and Loi Van Nguyen were working as deckhands aboard the *M/V St. Martin VI*, a shrimping vessel, when the vessel struck an oilfield platform, resulting in bodily injuries to Quach and Nguyen.[4] On September 27, 2019, Defendant received notice by certified mail from Plaintiffs' counsel that Plaintiffs had been injured and received medical treatment due to the allision, and that Plaintiffs were requesting Maintenance and Cure.[5]

---

[1] ECF No. 42.
[2] *Id.* at 42-1 at 1.
[3] ECF No. 44. This suit was originally brought by Hien V. Quach and Loi Van Nguyen. Thereafter, Nguyen died from causes unrelated to the injuries involved in this matter, and his legal successors—Van Hot Nguyen, Van Bong Nguyen and Thy Du Nguyen—were substituted as the proper parties. ECF Nos. 27, 28.
[4] ECF No. 1 at 2-3.
[5] *Id.* at 4; *see also* ECF No. 44-4.

Defendant did not respond.[6] On November 6, 2019, Quach and Nguyen filed suit against St. Martin VI, LLC (their employer), asserting claims for negligence, unseaworthiness, and maintenance and cure, and seeking damages under the Jones Act and the general maritime law.[7] On January 6, 2020, the Clerk of Court entered default against Defendant due to its failure to plead or otherwise defend and mailed notice of the default to Defendant, care of its registered agent, Mr. Tuong Tran, at Defendant's address listed with the Louisiana Secretary of State.[8] On November 1, 2023, an evidentiary hearing was held with regard to Quach's damages.[9] On April 17, 2024, the Court entered a judgment of default awarding Quach $248,847.00 in damages.[10] The Clerk of Court notified Defendant of this event via U.S. mail the same day.[11] On February 25, 2025, an evidentiary hearing was held to determine Nguyen's damages.[12] The Court ruled from the bench and awarded damages in the amount of $76,907.00.[13] The Clerk of Court again notified Defendant of this event via U.S. mail the same day.[14]

On March 20, 2025, Defendant made its first appearance in this matter by filing the present "Rule 59 Motion for New Trial." According to the motion, Defendant's registered agent, Mr. Tran, "has extreme difficulty with the English language and requires translation," and due to "this language barrier, Mr. Tran did not fully understand the nature of the Civil Complaint filed against him."[15] Defendant further alleges "the allegations in Plaintiffs' complaint are false."[16] In light of

---

[6] ECF No. 1 at 4.
[7] *Id.* at 3-4.
[8] *See* Notice of Electronic Filing associated with ECF No. 5; *see also* ECF No. 44-1 at 4.
[9] ECF No. 20.
[10] ECF No. 25; *see also* ECF No. 24.
[11] *See* Notice of Electronic Filing associated with ECF No. 25.
[12] ECF No. 37.
[13] ECF No. 40.
[14] *See* Notice of Electronic Filing associated with ECF No. 40.
[15] ECF No. 42-1 at 1. The Court notes the Louisiana Secretary of State Business Filings database indicates Mr. Tran is not only St. Martin VI, LLC's registered agent, but is also the manager of that limited liability company. *See* ECF No. 44-1 at 4.
[16] ECF No. 42-1 at 1.

the foregoing allegations, Defendant contends "a default judgment would be contrary to justice and fairness," and the Court should grant Defendant a new trial.[17]

## II.
## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that district courts "may set aside a final default judgment under Rule 60(b)."[18] Here, the Court entered a final default judgment against Defendant on February 25, 2025.[19] Accordingly, Rule 60(b), rather than Rule 59, sets forth the appropriate standard for the requested relief.[20] Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[21]

---

[17] *Id.* at 1-2.
[18] Fed. R. Civ. P. 55(c).
[19] ECF No. 40; *see also Sindhi v. Raina*, 905 F.3d 327, 333 n.3 (5th Cir. 2018).
[20] *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008); *United States v. $10,000.00 in U.S. Funds*, 52 F.3d 329, 1995 WL 216871, *2 n.5 (7th Cir. 1995).
[21] Fed. R. Civ. P. 60(b). If relief is available on the grounds set forth in clauses (b)(1) through (b)(5), then relief "may not be obtained" under clause (b)(6). *Gulf Coast Bldg. & Suuply Co. v. Int's Bhd. of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972); *see also Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Here, Defendant's allegations raise clauses (b)(1) and (b)(3) as the grounds for relief.

The Fifth Circuit interprets Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) "as incorporating the Rule 55 'good cause' standard applicable to entries of default."[22] However, a motion to set aside an entry of default "is more readily granted than a motion to set aside a default judgment."[23] In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), courts examine factors such as: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[24] These factors are not exclusive, and courts may rely on other factors such as whether the public interest is implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[25] Courts need not consider all of these factors in ruling on a 60(b)(1) motion, as they are simply "a means of identifying circumstances which warrant the finding of 'good cause.'"[26] However, two of the factors "carry special significance."[27] If the court finds the default was willful, then it need not make any other finding.[28] Likewise, "[a] district court has the discretion to refuse to set aside a default judgment under 60(b)(1) if the defendant 'fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party.'"[29]

---

[22] *In re OCA*, 551 F.3d at 369; *see also Republic of Sudan v. Harrison*, 587 U.S. 1, 15 (2019); *A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 Fed.Appx. 221, 225 (5th Cir. 2019).
[23] *In re OCA* at 369 (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).
[24] *Dierschke* at 183; *see also Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).
[25] *Dierschke* at 184; *see also In re OCA* at 369.
[26] *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quoting *Dierschke* at 184).
[27] *Id.*
[28] *Id.* at 120. "The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Wooten* at 500–01.
[29] *Jenkens* at 119-20 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

A party relying on Rule 60(b)(3) (fraud, misrepresentation, or misconduct) "must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."[30] The moving party bears the burden of proving the assertion by clear and convincing evidence.[31] Rule 60(b)(3) "does not require that the information withheld be such that it can alter the outcome of the case."[32] Rather, the rule "is aimed at judgments which were unfairly obtained," and not "those which are factually incorrect."[33]

### III.
### ANALYSIS

As previously noted, Defendant first asserts that due to Tran's "language barrier," he "did not fully understand the nature of the Civil Complaint filed against him."[34] However, if Tran "did not fully understand the significance of the . . . Complaint, [he] should have sought legal advice."[35] Moreover, Defendant waited nearly five and a half years after it was served with the Complaint to make an appearance in this matter, and over five years to appear since the Court mailed notice to Defendant that default had been entered against it.[36] In the intervening years, Plaintiffs have been without even maintenance and cure, liability for which is "among the most ancient and pervasive of all the liabilities imposed on a shipowner."[37] Here, Defendant was properly served and it had an

---

[30] *Hesling*, 396 F.3d at 641.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] ECF No. 42-1 at 1.
[35] *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 595 (5th Cir. 2014).
[36] *See* ECF Nos. 3, 42, and 44-5. The summons placed Defendant on notice of the significance of its failure to respond to this suit. ECF No. 2 at 1.
[37] *Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129, 1132 (5th Cir. 1981) (quoting *Oswalt v. Williamson Towing company, Inc.*, 488 F.2d 51, 54 (5th Cir. 1974)); *see also Vella v. Ford Motor Co.*, 421 U.S. 1, 4 (1975) ("Thus, the breadth and inclusiveness of the shipowner's duty [to provide maintenance and cure] assure its easy and ready administration for '(i)t has few exceptions or conditions to stir contentions, cause delays, and invite litigations.'") (quoting *Farrell v. United States*, 336 U.S. 511, 516 (1949)).

obligation to answer or otherwise defend within the time identified in the Federal Rules of Civil Procedure, but it failed to do so. On these facts, the Court finds setting aside the judgment of default would prejudice Plaintiffs, and that Defendant has failed to show that its default was not willful for purposes of finding excusable neglect under Rule 60(b)(1).[38]

Finally, counsel's unsupported assertion that "the allegations in Plaintiffs' complaint are false" also fails to meet the burden required to merit relief. The Court construes this statement as an argument to set aside the judgment of default based on Rule 60(b)(3) (fraud, misrepresentation or misconduct by an opposing party). "A Rule 60(b)(3) assertion must be proved by clear and convincing evidence, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case or defense."[39] Here, Defendant has offered no evidence of falsity. Merely stating Plaintiffs' allegations are false without proffering any further evidence (or even argument) is insufficient to carry Defendant's burden.

## IV.
### CONCLUSION

For the reasons set forth in this Ruling, the Motion for New Trial [ECF No. 42], construed by the Court as a motion to set aside default judgment, is DENIED.

THUS DONE in Chambers on this __2nd__ day of __July__, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[38] *In re Chinese Manufactured Drywall* at 595; *see also id.* at 594 ("When, as here, a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence.").
[39] *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992).