**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **HIEN V QUACH ET AL** | **CASE NO. 6:19-CV-01442** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ST MARTIN VI L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

**O R D E R**

On December 15, 2025, Plaintiffs filed their Revocatory Action Under 28 U.S.C. § 1367(a), asserting claims for revocation of defendant St. Martin VI, LLC's purported transfer of the *M/V St. Martin VI* pursuant to Louisiana Civil Code articles 2036–2043. [Doc. 66]. The Clerk of Court issued a Notice of Deficiency as to Plaintiffs' filing, based on the nature of the filing as one requiring leave of court under Rule 14(a)(1). [Doc. 67]. Plaintiffs timely filed their response. [Doc. 68]. Citing Section 1367(a) as "the Supplemental Rules of Admiralty," Plaintiffs argue that no leave of court is required prior to their filing because

> the revocatory action filed herein forms 'part of the same case and controversy' that is 'so closely related to claims' in the original admiralty claim filed in the original maritime lawsuit as well as the allowance of joining additional parties [pursuant to] 28 U.S.C. § 1367(a).

[*Id.* at p. 1].

Plaintiffs response mistakes the Supplemental Rules of Admiralty, comprised of Rules A through G, and found in Title XIII of the Federal Rules of Civil Procedure, with Section 1367, providing for the supplemental jurisdiction of the federal courts. Plaintiffs' proposed pleading seeks a judgment recognizing them as maritime lien holders against St. Martin VI, LLC, and declaring null a purported transfer of the *M/V St. Martin VI* under Louisiana law. [Doc. 66]. Plaintiffs' purpose is the enforcement of money judgments issued in their favor, and against defendant St. Martin VI, LLC. [Docs. 25, 40, 49]. The proper device to enforce

a money judgment is a writ of execution. Fed. R. Civ. P. 69(a)(1). To the extent that Plaintiffs are, in fact, maritime lien holders, an action to enforce that lien is one *in rem* against the vessel itself. Fed. R. Civ. P. Supp. A.M.C. Rule C(1)(a). Plaintiffs' Complaint does not allege facts sufficient to establish *in rem* jurisdiction before the Western District of Louisiana, which must be based on the seizure or arrest of the vessel within the court's territorial jurisdiction or consent of the adverse party. Fed. R. Civ. P. Supp. A.M.C. Rule C(3). The evidence before this Court tends to show that the vessel is likely located in the Eastern District of Louisiana. [Doc. 64-1, affidavit of Tuong Tran and Son Tran confected in Larose, Louisiana]. Consequently, this Court finds no basis for *in rem* jurisdiction over the *M/V St. Martin VI*, such that the enforcement of any maritime lien by arrest or seizure and sale by this Court would be without a sound jurisdictional basis. This Court also notes that no evidence offered in this matter indicates that this Court would possess personal jurisdiction over Son Tran, the purported transferee of the vessel.

Rule 15(d) of the Federal Rules of Civil Procedure provides that a court "may, on just terms, permit a party to serve a supplemental pleading." As is true of motions for leave to file amended pleadings, leave is properly denied where the proposed supplemental pleading would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed supplemental complaint is properly considered "futile" when it fails to state a claim as to which relief may be granted. *Id.* at 873. Considering the foregoing, Plaintiffs' instant motion, which this Court construes as one for leave to file a supplemental complaint [Doc. 66] is DENIED as futile based on the Court's lack of jurisdiction.

SO ORDERED this 18th day of August, 2025 at Lafayette, Louisiana.

David J. Ayo
United States Magistrate Judge